IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMILY RIVERA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTORS CENTER HOSPITAL, INC., et al.,<br><br>Defendants. | CIVIL NO. 22-1504 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On January 16, 2024, Plaintiffs filed a "Motion in Limine to Preclude Scavenger Use of Settling Party's Expert" ("Motion in limine") claiming Defendant Doctors Center Hospital, Inc. ("DCH") failed to disclose an expert witness and it should be precluded from using at trial Dr. José Luis Cangiano, expert witness for the settling defendant Dr. Milton García. (Docket No. 82).

On January 24, 2024, DCH opposed the motion in limine claiming in essence that once an expert is designated, the expert is available to either side. (Docket No. 86). On January 15, 2024, the Court granted the Motion in limine precluding DCH and any other remaining defendant from using Dr. Cangiano or any other expert in this case. (Docket No. 87).

On January 31, 2024, a Status Conference was held during which counsel for DCH indicated he was going to file a motion for reconsideration of the Court's Order. (Docket No. 88).

Case 3:22-cv-01504-CVR   Document 92   Filed 02/21/24   Page 2 of 7

Emily Rivera et al v. Doctors Center Hospital, Inc. et al
Civil No. 12-1504 (CVR)
Order
Page 2
_____

On February 15, 2024, DCH filed a Motion for Reconsideration in essence reiterating its prior arguments. (Docket No. 90). On the next day, Plaintiffs responded to the Motion for Reconsideration. (Docket No. 91).

For the reasons explained below, DCH's Motion for Reconsideration is DENIED.

## STANDARD

Motions for reconsideration are generally considered under Fed.R.Civ.P. 59 or 60, depending on the time such motion is served. Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Méndez v. Nieves Vázquez, 360 F.Supp. 2d 320, 322 (D.P.R. 2005). Courts entertain these motions if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.[1] See Rivera Surillo & Co. v. Falconer Glass Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D.P.R. 1998). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); Toledo-Colón v. Puerto Rico, 941 F. Supp. 2d 234, 249 (D.P.R. 2013).

Rule 26(a)(2)(A) of the Fed.R.Civ.P. states that "a party must disclose to the other

---

[1] DCH's Motion for Reconsideration does not seek to correct manifest errors of law or fact and does not present newly discovered evidence nor an intervening change in the law. However, since the order originally granting the Motion in Limine was a short order entered directly on the docket, the Court in its discretion decided to entertain the Motion for Reconsideration to explain its reasoning in more detail.

Case 3:22-cv-01504-CVR   Document 92   Filed 02/21/24   Page 3 of 7

Emily Rivera et al v. Doctors Center Hospital, Inc. et al
Civil No. 12-1504 (CVR)
Order
Page 3
_____

parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." This disclosure must be made "at least 90 days before trial," or "if the evidence is intended solely to contradict or rebut evidence (...) within 30 days after the other party's disclosure." Fed.R.Civ.P. 26 (a)(2)(D)(i) and (ii). If an expert is not timely disclosed, a party may be precluded from using his opinion at trial.

The Court of Appeals for the First Circuit has considered several factors in reviewing a district court's discretionary decision to preclude testimony based on a late disclosure, to wit: the justification for the late disclosure, the harm to the opposing party, the history of the litigation, the late disclosure's impact on the district court's docket, and the proponent's need for the precluded evidence. Harriman v. Hancock Cty., 627 F.3d 22, 30 (1st Cir. 2010). *See* Esposito v. Home Depot U.S.A. Inc., 590 F.3d 72, 78 (1st Cir. 2009) (noting that "the rules require formal disclosure for a reason: without it, parties ... may be hindered in their ability to prepare effectively for trial").

## ANALYSIS

The Court analyzes the factors mentioned above and finds that the predicament under which DCH finds itself at this stage of the proceedings is of its own making and it could have been avoided. The disclosure of its intention to use the expert witness of the settling defendant is undeniably untimely and to allow DCH to use Dr. Cangiano as its expert would violate Fed.R.Civ.P. 26.

The application of the factors to this case shows the following:

1. The deadlines in this case were clearly established and later extended per a joint request of the parties. (Docket Nos. 11, 29, 48, and 49). However, DCH was

Case 3:22-cv-01504-CVR   Document 92   Filed 02/21/24   Page 4 of 7

Emily Rivera et al v. Doctors Center Hospital, Inc. et al
Civil No. 12-1504 (CVR)
Order
Page 4
_____

not diligent as it failed to comply with all the deadlines to disclose its expert witness or request an extension of time to make said disclosure. DCH had the same opportunity as the settling defendant to select its own expert witness and to identify said expert to Plaintiffs or DCH could have agreed to a formal arrangement to share expert witnesses. Neither was done in this case.

2. After the deadlines expired without any dispositive motions being filed, the parties were ordered on November 9, 2023, to inform the status of the case and the parties requested a mediation. No request was made by DCH to belatedly disclose its expert witness. (Docket Nos. 50 and 51).

3. On November 17, 2023, this case was referred to Magistrate Judge Giselle López-Soler for mediation. (Docket No. 52). Magistrate Judge López-Soler conducted three mediation sessions on November 29, 2023, December 27, 2023, and January 12, 2024. (Docket Nos. 59, 67 and 78). Even though it would have been untimely, at no time during the mediation process did DCH disclose an expert witness or request leave of Court to do so.

4. On January 16, 2024, Counsel for DCH sent a succinct email to opposing counsel indicating for the first time that DCH was going to use Dr. Cangiano as its expert witness. (Docket No. 82-1). A review of said email shows that no justification whatsoever was provided by DCH for its delay in making this disclosure. DCH's failure to disclose its expert witness three months after the deadline had expired was not substantially justified either in its opposition to the Motion in Limine nor in its Motion for Reconsideration. A review of both filings shows that no attempt is made by DCH to explain its belated disclosure

Case 3:22-cv-01504-CVR   Document 92   Filed 02/21/24   Page 5 of 7

Emily Rivera et al v. Doctors Center Hospital, Inc. et al
Civil No. 12-1504 (CVR)
Order
Page 5
_____

of an expert witness in this case. DCH has not argued for example that it was an involuntary oversight from its attorney,[2] that its attorney had health reasons which prevented a timely disclosure, shortage of experts, among others.[3]

5. The belated disclosure of DCH's expert witness is not harmless because to re-open the discovery at this stage of the proceedings, when the case is trial ready, will entail additional expenses for Plaintiffs who have diligently litigated this case.

6. DCH has not proffered a valid reason for its need for the precluded evidence. In other words, DCH has not argued that, without the expert testimony of Dr. Cangiano, it will be prejudiced because it will not be able to defend itself at trial. The record demonstrates that no expert witness was timely retained and disclosed by DCH. Thus, it is safe to conclude that DCH did not see the need to retain an expert witness in the instant case.[4]

7. The late disclosure's impact on the district court's docket is a neutral factor because this case has been set for trial in January 2025 due to the unavailability of counsel for the defendants on a prior date.

---

[2] The First Circuit has held that the fact that an attorney has other "fish to fry" is not an acceptable reason for disregarding deadlines and court orders. *See* Chamorro v. Puerto Rican Cars, Inc._,_ 304 F.3d 1, 5 (1st Cir. 2002). A heavy workload is no excuse for failure to comply. *Id.*

[3] The language of the Rule states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). DCH has not met the burden of showing substantial justification for its failure.

[4] The instant case is not a case in which a party timely disclosed an expert witness, and the opposing party later seeks to exclude the expert witness for other reasons. In this case, DHO simply skipped all the deadlines and now wants at the last inning of the game to piggyback on a settling defendant's expert witness. This is simply not acceptable and in clear contravention of the deadlines set by the Court and the Federal Rules of Civil Procedure.

Case 3:22-cv-01504-CVR   Document 92   Filed 02/21/24   Page 6 of 7

Emily Rivera et al v. Doctors Center Hospital, Inc. et al
Civil No. 12-1504 (CVR)
Order
Page 6
_____

The above suffices to deny DCH's Motion for Reconsideration as a sanction for not disclosing its expert witness timely as the factors of history of the litigation, the lack of justification for the late disclosure, the harm to the opposing party, and the proponent's lack need for the precluded evidence militate in favor of preclusion.  Rule 37 (c)(1), Fed.R.Civ.P. ("Rule 37(c)(1)"), enforces the disclosures required under Rule 26(a) and Rule 26(e)(2).  Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004); Ortiz-López v. Sociedad Española De Auxilio Mutuo, 248 F.3d 29, 33 (1st Cir. 2001) (Rule 37(c)(2) sanction "is a self-executing sanction for failure to make a disclosure required by Rule 26(a)"). Unless the failure to disclose is substantially justified or harmless, the failure to disclose triggers the imposition of sanctions under Rule 37(c)(1). Fed.R.Civ.P. 37(c)(1); see Peña-Crespo v. Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005).  District courts have broad discretion in meting out sanctions for discovery violations and exclusion of evidence is a standard sanction for a violation of the duty of disclosure. Fed.R.Civ.P. 26(a)(2)(B). Peña-Crespo, 408 F.3d at 10.   "'The required sanction in the ordinary case is mandatory preclusion'" of the expert testimony. Poulis-Minott, 388 F.3d at 358; accord Peña-Crespo, 408 F.3d at 13 ("'exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)'").

However, the Court must also recognize that it cannot obviate the Settlement Agreement between Plaintiffs and the settling defendant which was filed in this case specifically stating that the expert in question was withdrawn.  (Docket No. 74, pp. 2-3). This Settlement Agreement was approved by the Court, all its terms and conditions were incorporated by reference and made part of an Order and a Partial Judgment was entered accordingly. (Docket Nos. 75 and 76). As such, the parties' Settlement Agreement is

enforceable, and it precludes the non-settling defendants from presenting Dr. Cangiano's expert testimony at trial. No valid grounds have been provided for the Court not to honor this Settlement Agreement. To allow DCH to use Dr. Cangiano's testimony at trial would be unfair because it would allow DCH to take advantage of other parties' diligent trial preparation and to deprive plaintiffs of their bargain with a settling defendant. To reward DCH by allowing it to use Dr. Cangiano under these circumstances has the potential of discouraging settlement in contravention of the public policy favoring settlement, encouraging diligence, and discouraging profit from the work of the opponent. *See* FMC Corp. v. Vendo Co., 196 F.Supp. 2d 1023, 1047 (E.D. Cal. 2002); State ex rel. Ward v. Hill, 200 W. Va. 270, 278, 489 S.E.2d 24, 32 (1997).

Finally, the Court agrees with Plaintiffs that the cases cited by DCH in its Motion for Reconsideration are distinguishable from this case for the reasons explained in their Opposition. (Docket No. 91, pp. 4-5). Thus, there is no need to delve more deeply on those cases.

## CONCLUSION

Simply put, DCH's position is not persuasive, and the totality of circumstances weighs in favor of preclusion. Accordingly, DCH's Motion for Reconsideration is DENIED. (Docket No. 90).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 21st day of February 2024.

                                           S/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ RIVE
                                           UNITED STATES DISTRICT JUDGE